Larry D. Vaught, Judge, concurring. While I agree that this case must be affirmed for the reasons stated in the majority’s opinion, I write separately to address troubling issues that are likely to recur. Today, our court hands down this case and three others with similar facts and almost identical legal challenges. Brown v. Ark. Dep’t of Human Servs., 2017 Ark. App. 69, 511 S.W.3d 895, 2017 WL 437622 (February 1, 2017); Johnston v. Ark. Dep’t of Human Servs., 2017 10Ark. App. 51, 2017 WL 437419 (February 1, 2017); and Nicholson v. Ark. Dep’t of Human Servs., 2017 Ark. App. 52, 511 S.W.3d 903, 2017 WL 437421 (February 1, 2017). In each case, due to failures by the attorneys and court below, we are unable to reach legal issues about which we have grave concerns. As a result, meaningful due process may have been effectively denied to these four appellants, and due to our limited standard of review, we are unable to address the issues. While the purpose of the Adult Maltreatment Custody Act, Arkansas Code Annotated section 9-20-101 (Repl. 2015) et seq., is to protect a maltreated adult and to encourage cooperation between state agencies and private-care providers, due process is still required, the law must be followed, and the hearing must be fair. In this case, as in each of the others, the appellant argues that, although section 9-20 — 111(d)(2) requires DHS to give notice of the hearing to the next of kin of the adult, this was not done. In none of these cases did DHS put forward any evidence to demonstrate that notice had been provided. Unfortunately, we could not reach the merits of this issue because, in each case, it was not preserved for appellate review. This is a complete failure of due process. DHS failed to give notice as required by statute, the defense attorney failed to object and preserve the error for review, and the trial court failed to protect its record by requiring compliance with a mandatory statute. Likewise, in each of these cases, the attorney for the adult attempted to introduce evidence of his or her assets in order to determine if confinement in an institution was the least restrictive alternative for care. However, in each case, the trial court sustained DHS’s objections to such testimony based on its finding that section 9-20-108 limits representation to only the issue of the adult’s liberty interest. However, again, we have been prevented Infrom addressing this important issue because the defense attorney failed to preserve it for appeal and failed to proffer the excluded financial evidence, which is necessary in order to establish prejudice from its exclusion. These cases present important issues worthy of meaningful appellate review. The fact that we have repeatedly been prevented, due to lack of preservation, from addressing them indicates a systemic problem. Therefore, I write to put the bench and bar on notice that the laws designed to protect Arkansas’s most vulnerable adults require more than rushed, perfunctory proceedings with foregone conclusions. Simple due process mandates a meaningful hearing with notice to the family, a zealous representation of the impaired adult, and the opportunity to present all relevant evidence. The members of the bench and the bar engaged in these matters have an ethical responsibility to protect the best interest of the adults subject to such proceedings. At the very least, that means preserving their right to appellate review.